In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department.  December 11, 1908.)

INTOXICATING LIQUORS (§ 106*) — LICENSES—REVOCATION—FALSE STATEMENTS
IN APPLICATION—"HOTEL."

The liquor tax law (Laws 1897, p. 233, c. 312), permits the sale of liquor in hotels on Sunday. Section 31 requires all buildings used as a hotel under the act to conform to the laws and regulations relating to hotels, including all regulations pertaining to the building and other departments, and subdivision 2 (page 236) thereof requires buildings to be used as a hotel under the act to contain at least 10 bedrooms above the basement. The building code of the city of New York regulates the erection and construction of various classes of buildings, and, in prescribing what buildings shall be subject to the provisions thereof, section 10 defines a "hotel" as every building used for supplying food, etc., and containing more than 15 sleeping rooms above the first story. *Held*, that the definition of a hotel in the building code applied only to the provisions of that code, and a hotel

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

containing 10 bedrooms above the basement complied with the liquor tax law, though it did not contain more than 15 rooms above the first floor as provided by the building code, and hence a statement in an application for a license to sell liquor in such a building that it conformed to the regulations relating to hotels was not false so as to justify the revocation of the certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 115; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 4, pp. 3349, 3350; vol. 8, p. 7680.]

Appeal from Special Term, New York County.

In the matter of the petition of Maynard N. Clement, as State Commissioner of Excise, for an order revoking and canceling liquor tax certificate No. 3,904. From an order denying a motion for an order revoking a liquor tax certificate, petitioner appealed. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Royal R. Scott, for appellant.

Julius M. Mayer, for respondent.

SCOTT, J. This is an appeal from an order of the Special Term denying a motion to revoke the liquor tax certificate issued to Mary A. Corcoran upon the ground that she made a false statement in her application for such certificate. The facts are undisputed. On April 17, 1907, the said Corcoran verified and presented to the special deputy commissioner of excise a statement and application in writing for a liquor tax certificate for certain premises in the city of New York. She stated that she intended to carry on a hotel on said premises, and that the same had been continuously occupied as a hotel since the year 1882. From her statement and the report of the special agents detailed to inspect the premises it appeared, and it is now conceded, that the premises conformed in all respects to the provisions of section 31 of the liquor tax law (Laws 1897, p. 233, c. 312), in relation to hotels and hotelkeepers so far as concerns the number of bedrooms above the basement and their construction. The false statement attributed to the applicant is that she answered "Yes" to the question:

"Does your hotel conform to the laws, ordinances, rules and regulations relating to hotel and hotelkeepers, including all laws, ordinances, rules and regulations of the State or locality pertaining to the building, fire and health departments in relation to hotels and hotelkeepers?"

The falsity of this answer is alleged to lie in the fact that the building does not conform to the definition of a hotel contained in section 10 of the building code of the city of New York, in that it does not contain more than 15 sleeping rooms above the first story.

The liquor tax law regulates with great particularity the traffic in liquors within this state, forbidding generally all traffic on Sundays, and between certain hours on other days. It was deemed necessary, however, to modify this prohibition somewhat with respect to sales of liquors to guests of hotels, and to do this it was also necessary to specify what character of building should be deemed to be a hotel with-

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the meaning of the act, for otherwise any place answering the common-law definition of a hotel would have been enabled to avail of the special privilege extended by the act to hotels. Accordingly section 31, subd. 2, Liquor Tax Law (Laws 1897, p. 236, c. 312), required that any building to be used as a hotel as permitted by that act must contain (in cities and in the larger villages) at least 10 bedrooms above the basement, exclusive of those occupied by the family and servants, to be constructed, furnished, and lighted as specified in the act, together with a dining room, kitchen, and conveniences for cooking sufficient to provide bona fide meals at one and the same time for 20 guests. It is not denied that the premises in question comply with these requirements. Section 31 of the liquor tax law also provided that any building to be used as a hotel under the act shall conform to the following requirement:

"The laws, ordinances, rules and regulations relating to hotels and hotelkeepers, including all laws, ordinances, rules and regulations of the State or locality pertaining to the building, fire and health departments in relation to hotels and hotelkeepers, shall be fully complied with."

There was in force in the city of New York when Mary A. Corcoran filed her application for a liquor tax certificate, and is now in force, a building code adopted by the board of aldermen pursuant to legislative authority, which regulates the erection of all classes of buildings in that city, providing for each class such methods of construction and safeguards as the circumstances seem to require. Among the other classes of buildings thus provided for are hotels, concerning which special provisions are made respecting their manner of construction, the proportion of lot area which they may occupy, the fire escapes to be placed upon them and the like. It became necessary, to avoid endless repetition of description, to define what buildings should, within the meaning of the building code, be deemed to be hotels and subject to the special provisions applicable to hotels, and accordingly it was provided by section 10 of that code as follows:

"Section 10. Hotels, definition of. A hotel shall be taken to mean and include every building, or part thereof, intended, designed or used for supplying food and shelter to residents and guests, and having a general public dining room, or a cafe, or both and containing also more than fifteen sleeping rooms above the first story."

The building for which Mary A. Corcoran applied for and obtained a liquor tax certificate, although it contained 10 bedrooms above the basement, did not contain more than 15 sleeping rooms above the first floor, and hence it is insisted that it did not comply with the local ordinances respecting hotels. This contention cannot be upheld. The building code does not provide that no building may be used as a hotel or for hotel purposes unless it has more than 15 sleeping rooms above the first floor, but only that, unless it does contain that number of sleeping rooms, it shall not be considered as a hotel within the meaning of the code, and subject to the special provisions thereof respecting hotels. A building containing a less number of sleeping rooms may still be used as a hotel for the entertainment and shelter of guests, and may even be denominated as a hotel. It is quite clear

the definitions of the word "hotel" as used in the liquor tax law and in the building code were adopted in each case with reference to the particular act in which they are to be found, and that a building which conforms to the requirements of the liquor tax law may be a hotel within the meaning of that act, and not a hotel within the meaning of the building code. Such a building must conform to the local laws, ordinances, rules, and regulations respecting buildings of its kind, but not necessarily to those respecting buildings of a different kind by whatever name denominated.

It follows, therefore, that a building having 10, but less than 16, bedrooms above the basement or first floor, if it otherwise complies with the liquor tax law, and the requirements of the building code, may receive a liquor tax certificate and be used as a hotel under the liquor tax law, although it would not be classed as a hotel under the building code, and be subjected to the provisions of that code especially applicable to buildings falling within the definition of a hotel as used in that code.

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.